# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kevin Meehan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 4562 |
| -vs- ) | |
| ) | Senior U.S. District Judge |
| ) | GEORGE W. LINDBERG |
| Buffalo Wild Wings, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Kevin Meehan, filed this action against defendants Buffalo Wild Wings, Inc. (BWWI), Buffalo Wild Wings, International Inc., and Wings R' Us, Bolingbrook, Inc. (Wings R' Us) alleging violations of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* Plaintiff Kevin Meehan has moved for certification of a class, pursuant to Fed.R.Civ.P. 23.

Plaintiff alleges that on July 15, 2007, at Wings R' Us' Bolingbrook, Illinois restaurant, defendant violated FACTA by providing him with an electronically printed receipt that contained the last four digits of his credit card number and the credit card's expiration date, in violation of FACTA's requirement that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

Plaintiff seeks certification of a class consisting of "all consumers who used their credit card or debit card in any transaction occurring after December 4, 2006, at defendant Wings R' Us and were provided an electronically printed receipt at the point of sale or transaction which

displays either more than the last five digits of the person's credit card or debit card number, and/or the expiration date of the person's credit card or debit card."

A plaintiff seeking class certification must establish that the proposed class meets the requirements of Fed.R.Civ.P. 23. *Murray v. New Cingular Wireless Services, Inc.,* 232 F.R.D. 295, 298 (N.D. Ill. 2005). Under Rule 23(a), plaintiff must establish that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." This court must determine whether each element of Rule 23 has been met, even if defendant does not contend to the contrary. *Murray v. E*Trade Fin. Corp.,* 240 F.R.D. 392, 395 (N.D. Ill. 2006). This court has broad discretion in determining whether class certification should be granted, in light of the particular facts of the case. *Keele v. Wexler,* 149 F.3d 589, 592 (7th Cir. 1995).

The parties do not dispute that the numerosity, commonality, typicality or adequacy requirements have been met. First, although the exact size of the class has not been determined, plaintiff does not need to establish the exact number of class members in order to satisfy the numerosity requirement. *Vergara v. Hampton,* 581 F.2d 1281, 1284 (7th Cir. 1978). Plaintiff alleges that Wings R' Us is a "popular establishment serving hundreds of customers on a daily basis." Plaintiff further alleges that the receipts provided by defendant during the period of time which is the focus of this action has probably included "thousands of electronically printed receipts." This allegation has not been denied by defendant. Therefore, the court concludes the class is so numerous that joinder of all members is impracticable.

Second, "[a] proposed class meets the commonality requirement when the member's claims share a common nucleus of operative fact." *E*Trade*, 240 F.R.D. at 396. According to the first amended complaint, plaintiff and the other class members all received credit card receipts containing information that is prohibited under the provisions of FACTA. Additionally, plaintiff establishes that the conduct toward plaintiff was standardized conduct toward all members of the class. Accordingly, the commonality requirement has been met.

Third, "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De la Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). Defendant does not deny that plaintiff's claim is typical of the class. Members of the proposed class and plaintiff allegedly received credit or debit card receipts from the defendant that violated FACTA. Thus, the court concludes that the typicality requirement has been met.

Fourth, with respect to the adequacy requirement, plaintiff submitted an affidavit establishing the adequacy of legal counsel in representing the class. Plaintiff has established that he seeks only statutory damages on behalf of himself and the class and that he does not have any interest in conflict with the interests of the class members. There is no indication that as class representative, he will receive anything more than that received by class members who are not the class representative. That being the case, the named plaintiff can adequately represent the class and thus, plaintiff has submitted sufficient evidence to meet the adequacy requirement.

In addition to the four requirements of Rule 23(a), a plaintiff must also satisfy at least one of the conditions in Rule 23(b). Plaintiff seeks class certification under Rule 23(b)(3), which requires him to establish that "questions of law or fact common to the members of the class

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Matters pertinent to the finding include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; ©) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed.R.Civ.P. 23(b).

Rule 23(b)(3) requires plaintiff to establish both predominance and superiority. Although predominance is related to Rule 23(a)'s commonality requirement, "the plaintiff must show that common issues not only exist but outweigh the individual questions," and "[t]he common questions must be central to all claims." *Dhamer v. Bristol-Myers Squibb Co.,* 183 F.R.D. 520, 529-30 (N.D. Ill. 1998). Superiority requires the plaintiff to show that proceeding as a class action is the superior method for adjudication of the controversy. Rule 23(b)(3). "Rule 23(b)(3) was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 953 (7th Cir. 2006). Further, "[o]nly when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether." *Id.* Moreover, "[c]lass treatment is especially appropriate for consumer claims" because such actions frequently involve common factual and legal questions. *Troy v. Red Lantern Inn, Inc.,* 2007 WL 4293014, 4 (N.D. Ill. 2007); *New Cingular Wireless Services, Inc.,* 232 F.R.D. at 303.

The parties do not dispute that the predominance requirement of Rule 23(b) has been met. Plaintiff is seeking only those damages allowable under FACTA, which provides that any person who willfully violates the statute will be liable for "damages not less than $100 and not more than $1,000." 15 U.S.C. §1681n(a)(1)(A). "Unless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class certification." *GMAC Mortg. Corp.,* 434 F.3d at 953. Further, even if class certification is granted, "individual claimants remain free to opt out of the class," and pursue their claims individually. *Troy,* 2007 WL 4293014 at 4. Plaintiff has sufficiently proven the predominance requirement.

The parties do disagree about whether the "superiority" requirement of 23(b)(3) has been met. Defendant argues that class certification is an inferior method of adjudication and should be denied where "only a technical violation of a statute has been alleged, and where damages would be disproportionate to any actual damage caused by the alleged violations." In support of this argument, defendant cites opinions from the Ninth, Tenth and Eleventh Circuits. However, this court is bound by Seventh Circuit precedent which establishes that although an award provided under a statute may ultimately be excessive such as to violate a defendant's due process rights, such considerations should be "applied after a class has been certified." *GMAC Mortg. Corp.,* 434 F.3d at 954. On remand, the district court in *GMAC* stated, "[t]he substantial nature of a potential damages award, even one based on merely 'technical' violations of FCRA, is not a proper ground on which to deny class certification." *Murray v. GMAC Mortg. Corp.,* 483 F.Supp.2d 636, 645 (N.D. Ill. 2007). Although defendant attempts to establish that plaintiff has misinterpreted precedent established in *GMAC*, it also states in a footnote "[d]efendant

07 C 4562

acknowledges that the proposition set forth by the Plaintiff is supported by the holding in the Seventh Circuit case cited by the Plaintiff." This court declines defendant's tacit invitation to overrule the Seventh Circuit's *GMAC* opinion. Accordingly, plaintiff has provided sufficient evidence to show that proceeding as a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

**ORDERED**: Plaintiff Kevin Meehan's motion for class certification [36] is granted. A class consisting of all consumers who used their credit card or debit card in any transaction occurring after December 4, 2006, at Defendant Wings R' Us Bolingbrook, Inc. and were provided an electronically printed receipt at the point of sale or transaction which displays more than the last five digits of the person's credit card or debit card number, and/or the expiration date of the person's credit card or debit card is certified. Additionally, named plaintiff may represent the class members so long as he does not receive more compensation either in judgment or in settlement, than similarly situated class members who are not acting as class representative.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: February 26, 2008